IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Lummus Corporation | : | |
| | : | |
| Plaintiff/Counterclaim Defendant, | : | C.A. No. 18-1745-CFC |
| | : | |
| v. | : | |
| | : | |
| TFII Legacy, LLC f/k/a | : | |
| Carter Control Systems, L.L.C. | : | |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |
| _____ | : | |

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION
<u>FOR JUDGMENT ON THE PLEADINGS</u>**

WILKS, LUKOFF & BRACEGIRDLE, LLC

Thad J. Bracegirdle (DE Bar No. 3691)
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: (302) 225-0850
Email: tbracegirdle@wlblaw.com
Email: abrooks@wlblaw.com

*Attorneys for Defendant/Counterclaim Plaintiff
TFII Legacy, LLC*

OF COUNSEL:

John H. McFarland
JOYCE + MCFARLAND LLP
(Texas State Bar No. 00794270)
712 Main Street, Suite 1500
Houston, Texas 77002
Telephone: (713) 222-1112
Email: jmcfarland@jmlawyers.com

Dated: June 7, 2019

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................3

ARGUMENT .........................................................................................................................5

I.       LEGAL STANDARD................................................................................................5

II.      JUDGMENT ON THE PLEADINGS SHOULD BE DENIED BECAUSE LEGACY SPECIFICALLY DENIED THE CONTROLLING ALLEGATIONS IN THE COMPLAINT ..............................................................................................................6

III.     THE SPA'S "REASONABLE DETAIL" REQUIREMENT PRESENTS A FACT QUESTION................................................................................................................6

IV.    ACCEPTING LEGACY'S ALLEGATIONS AS TRUE AND RESOLVING ALL DISPUTED ISSUES IN LEGACY'S FAVOR, LEGACY HAS STATED A CLAIM THAT LUMMUS BREACHED THE SPA FIRST............................................................7

CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

Cases

*Akorn, Inc. v. Fresenius Kabi AG*,
  2018 WL 4719347 (Del. Ch. Oct. 1, 2018) ............................................................. 6, 7

*Endurance Am. Speciality Ins. Co. v. H & W Equities Inc.*,
  2012 WL 12860886 (M.D. Pa. Aug. 3, 2012) .............................................................. 5

*In re Mobilactive Media, LLC*,
  2013 WL 297950 (Del. Ch. Jan. 25, 2013) ................................................................... 8

*Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*,
  931 F.2d 1002 (3d Cir. 1991) ....................................................................................... 5

*Jablonski v. Pan Am. World Airways, Inc.*,
  863 F.2d 289 (3d Cir. 1991) ......................................................................................... 5

*Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*,
  83 F. Supp.3d 571 (D. Del. 2015) ................................................................................ 7

*Shipman v. Rochelle*,
  2013 WL 458247 (M.D. Pa., Feb. 6, 2013) .................................................................. 6

*Sikirica v. Nationwide Ins. Co.*,
  416 F.3d 214 (3d Cir. 2005) ......................................................................................... 5

*Soc'y Hill Civic Ass'n v. Harris,*
  632 F.2d 1045 (3d Cir.1980) ........................................................................................ 5

*Venetec Inter., Inc. v. Nexus Med., LLC*,
  541 F. Supp. 2d 612 (D. Del. 2008) ............................................................................. 5

Rules

Fed. R. Civ. P. 7 ..................................................................................................................... 7

Fed. R. Civ. P. 12 ............................................................................................................... 5, 7

## INTRODUCTION

This case involves a dispute between Plaintiff Lummus Corporation (Lummus) and Defendant TFII Legacy, LLC f/k/a Carter Control Systems, L.L.C. (Legacy), arising from a Stock Purchase Agreement (the SPA or Stock Purchase Agreement). The parties dispute the calculation of post-closing payments due to Lummus under that agreement. Due to the nature of the dispute, material fact issues exist as to the amount owed and whether Lummus itself breached the SPA. These issues cannot be resolved solely on the pleadings.

But Lummus has filed a motion for judgment on the pleadings under Rule 12(c), claiming that there are no material issues of fact in dispute and asking the Court to enter judgment in Lummus's favor. Lummus's motion for judgment on the pleadings should be denied because Lummus has not demonstrated (and cannot demonstrate) that there are no issues of material fact in dispute, a strict requirement under well-settled and established law in Delaware and the Third Circuit. Most importantly, Lummus pretends that its allegations stand unchallenged when Legacy specifically denied the allegations in Plaintiff's Complaint upon which Lummus relies to request entry of judgment.

Moreover, with respect to a motion for judgment on the pleadings, the facts must be viewed in Legacy's favor (not Lummus's). Lummus only sets forth the alleged facts from its own pleadings as if they were unchallenged. Most strikingly, Lummus completely omits the specific denials and allegations presented by Legacy's Answer and Counterclaims, respectively. Because of these deficiencies, and under well-settled law, the Court should deny Lummus's motion.

In its Amended Counterclaim, Legacy alleges that Lummus's calculation and presentment of the Working Capital Adjustment were fraudulent, and that Lummus failed to

provide proper access to the information necessary to perform a more-detailed calculation of the Working Capital Adjustment. Viewing the alleged facts in the light most favorable to Legacy, Legacy has stated a claim that Lummus committed the first material breach of the SPA. Assuming that Legacy is entitled to relief on this claim (as the Court must), the Court would never reach the issue raised by Lummus's Complaint and motion – namely, whether Legacy's Statement of Objections complied with the SPA.

Further, Lummus's complaint that Legacy failed to provide "reasonable detail" in its Statement of Objections presents another fact question that cannot be resolved on the pleadings – what constitutes "reasonable" detail? Legacy contends it did provide "reasonable detail" in compliance with the SPA. Ultimately, the trier of fact will have to examine the evidence and determine whether Legacy's Statement of Objections complied with the SPA's "reasonable detail" requirement.

## STATEMENT OF FACTS

Until June 7, 2018, Legacy owned all the issued and outstanding shares of common stock of Carter Control Systems, Inc. (the Stock). Am. Counterclaim at ¶ 5. Lummus and Legacy entered into a Stock Purchase Agreement dated as of May 21, 2018, as amended by that Amendment to Stock Purchase Agreement dated as of June 7, 2018, through which Legacy agreed to sell to Lummus all the Stock and Lummus agreed to purchase all the Stock. *Id*. at ¶ 6.

The parties agreed that the purchase price would be subject to a post-closing adjustment (the Post-Closing Adjustment). *Id.* at ¶ 7. Specifically, the SPA obliged Lummus to prepare and deliver to Legacy a Closing Working Capital Statement from which the Post-Closing Adjustment would be calculated by deducting the target working capital from the actual working capital as of the date of closing. *Id.* at ¶ 8. The stock purchase transaction contemplated by the SPA closed on June 7, 2018. *Id.* at ¶ 9.

On July 24, 2018, Lummus sent its Closing Working Capital Statement to Legacy as required under the SPA. *Id.* at ¶ 10. Lummus claimed it had calculated the Closing Working Capital Statement under Section 2.04(b)(i) of the SPA and represented that it was due a Post-Closing Adjustment in the amount of $1,040,832. *Id*.

Legacy believes that Lummus submitted a false calculation of the actual working capital as of the date of closing. *Id.* at ¶ 11. Legacy further alleges that Lummus submitted its Closing Working Capital Statement knowing that it presented false information. *Id*. Although Lummus purported to respond to Legacy's requests for information, Lummus refused to permit Legacy access to the books and records that would have permitted Legacy to separately calculate the actual working capital as of the date of closing (and, thereby, the actual Working Capital Adjustment). *Id.* at ¶ 12.

After receiving the purported Closing Working Capital Statement from Lummus, on August 6, 2018, counsel for Legacy requested additional information from Lummus relating to its calculation. Compl. at ¶ 23; Ans. at ¶ 23. After receiving Lummus's response, Legacy sent a letter to Lummus dated August 13, 2018 raising additional questions about the Closing Working Capital Statement. Compl. at ¶ 25; Ans. at ¶ 25.

On August 23, 2018, Legacy sent a Statement of Objections to Lummus pursuant to the SPA. Compl., Ex. I. Pursuant to its Statement of Objections, Legacy asserted that the Post-Closing Adjustment should total only $360,827.27. Compl. at ¶ 28; Ans. at ¶ 28 (only first sentence admitted). Lummus now claims that the Statement of Objections did not comport with the SPA and that, therefore, its Working Capital Statement should be deemed to have been accepted as a matter of law. This ignores a critical fact that controls disposition of this motion: Legacy specifically denied all allegations on this point in its Answer. *See* Ans. at ¶¶ 17, 18, 24, 26, 27, 28, 29, 30, 31, 32, 34, 40, 42, 43.

# ARGUMENT

I.  **LEGAL STANDARD.**

"Generally, judgment on the pleadings under Fed. R. Civ. P. 12(c) is appropriate when there are no material issues of fact, which requires the moving party to show that it is entitled to judgment as a matter of law." *Venetec Inter., Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008). "The court does not consider matters outside the pleadings, and it must accept the *non-moving* party's allegations as true, drawing all reasonable factual inferences in the *non-movant's* favor." *Id.* (emphasis added).

"The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Id.* "Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005), citing *Soc'y Hill Civic Ass'n v. Harris,* 632 F.2d 1045, 1054 (3d Cir.1980).

A "Rule 12(c) motion is little more than a relic of the common law and code era, and it only has utility when all the material allegations of fact *are admitted in the pleadings* and only questions of law remain. Granting a Rule 12(c) motion results in a determination on the merits at an early stage in the litigation, and thus this court requires the movant to clearly establish that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Endurance Am. Speciality Ins. Co. v. H & W Equities Inc.*, 2012 WL 12860886, at *5 (M.D. Pa. Aug. 3, 2012), citing *Inst. for Sci. Info., Inc. v. Gordon & Breach, Sci. Publishers, Inc.*, 931 F.2d 1002, 1005 (3d Cir. 1991) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1991), punctuation omitted) (emphasis added).

## II. JUDGMENT ON THE PLEADINGS SHOULD BE DENIED BECAUSE LEGACY SPECIFICALLY DENIED THE CONTROLLING ALLEGATIONS IN THE COMPLAINT.

As is set forth above, Legacy specifically denied all the material allegations in Lummus's Complaint regarding the Statement of Objections. *See* Ans. at ¶¶ 17, 18, 24, 26, 27, 28, 29, 30, 31, 32, 34, 40, 42, 43. Because Legacy has not admitted any of the wrongdoing alleged by Lummus, genuine issues of material fact remain in dispute and preclude entry of judgment on the pleadings. *See id.; see also Shipman v. Rochelle*, 2013 WL 458247, at *2 (M.D. Pa., Feb. 6, 2013) ("As Judge Carlson pointed out, the pleadings clearly present a genuine issue of material fact. Defendants deny all the allegations plaintiffs raise in their amended complaint. Therefore, the pleadings present genuine issues of material facts, and plaintiffs are not entitled to judgment as a matter of law. Judge Carlson was correct in recommending the court deny the motion for judgment on the pleadings.").

## III. THE SPA'S "REASONABLE DETAIL" REQUIREMENT PRESENTS A FACT QUESTION.

The SPA requires that the Statement of Objections set forth the Seller's objection in "reasonable detail." Compl. Ex. A, § 2.04(c)(ii). Lummus concedes, as it must, that Legacy presented a Statement of Objections (Compl. at ¶ 27), but alleges that the Statement of Objections did not set forth objections in "reasonable detail." *Id.* at ¶ 31. Lummus specifically denied those allegations. Ans. at ¶ 31. Whether the Statement of Objections set forth Legacy's objections in "reasonable detail" presents an inherent fact question for the trier of fact. Said differently, to determine whether something is "reasonable" requires analysis of the facts and circumstances.

The Delaware Court of Chancery recently addressed this inherent fact question in the analogous context of determining "reasonable efforts." *See Akorn, Inc. v. Fresenius Kabi AG*,

2018 WL 4719347, at *86-91 (Del. Ch. Oct. 1, 2018), *aff'd,* 198 A.3d 724 (Del. 2018). In a highly fact-intensive analysis, contained in a 247-page opinion, the *Akorn* court held that any inquiry into the reasonability of efforts requires (a) selecting a framework against which to measure the reasonableness of the challenged conduct, such as by postulating a generic company in the same industry, (b) determining whether the generic company operating in the ordinary course of business would be obligated to engage or would be acting improperly if it engaged in certain identified behavior, and (c) conducting its own facts-and-circumstances analysis to determine whether the challenged company failed to engage in such obligated behavior or engaged in such improper behavior. *Id.* In short, the question of whether Legacy's Statement of Objections contained sufficient detail to be deemed "reasonable" under the SPA cannot be resolved on the pleadings alone.

IV. **ACCEPTING LEGACY'S ALLEGATIONS AS TRUE AND RESOLVING ALL DISPUTED ISSUES IN LEGACY'S FAVOR, LEGACY HAS STATED A CLAIM THAT LUMMUS BREACHED THE SPA FIRST.**

Here, Lummus is both plaintiff and the movant. As a result, the Court reviews Legacy's pleadings in the light most favorable to Legacy (not Lummus) and accepts Legacy's denials and allegations as true.[1] Instead of complying with this standard, however, Lummus sets forth its

---

[1] Lummus argues that the Court only needs to review Legacy's Answer in the light most favorable to Legacy and cites case law for that proposition. *See* Op. Br. at 8. But the cited authority does not state that the Court is limited only to Legacy's Answer; instead, the court used the word "pleadings." Under Rule 12(c)'s clear guidance, the Court may review all "the pleadings" – including Legacy's Amended Counterclaim – when deciding this motion. Fed. R. Civ. P. 12(c). *See also* Fed. R. Civ. P. 7(a) ("pleadings" include answers and counterclaims); *Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, 83 F. Supp. 3d 571, 573 (D. Del. 2015) ("When deciding a Rule 12(c) motion for judgment on the pleadings, a district court must view the facts and inferences to be drawn from the *pleadings* in the light most favorable to the non-moving party. … The motion can be granted only if no relief could be afforded under any set of facts that could be provided.") (citations omitted, emphasis added).

7

own version of events in its motion as if they stood unchallenged by the denials and allegations pleaded by Legacy in its Answer and Amended Counterclaim.

Indeed, Lummus disregards Legacy's allegations entirely. For example, Lummus ignores Legacy's allegations that Lummus committed a prior material breach of the SPA. *See, e.g.*, Am. Counterclaim ¶¶ 5-12; Ans., Aff. Def. 1 ("Lummus's claims are barred by its prior material breach of the Stock Purchase Agreement."). This presents another question of fact that precludes entry of judgment on the pleadings. If Legacy proves that Lummus breached the SPA first (a dispute that cannot be decided on the pleadings), then Lummus will not be entitled to judgment and the Court will never reach the question of whether the Statement of Objections complied with the "reasonable detail" requirement. *See, e.g.*, *In re Mobilactive Media, LLC*, 2013 WL 297950, at *13 (Del. Ch. Jan. 25, 2013) ("A party is excused from performance under a contract if the other party is in material breach thereof."). Therefore, even if Legacy's Statement of Objections did not comply with the SPA (it did), that finding would neither moot the issues in this case nor entitle Lummus to judgment on the pleadings. Rather, the Court cannot finally adjudicate Lummus's claim without also determining whether Lummus breached the SPA first. For that reason alone, Lummus's motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant TFII Legacy, LLC respectfully requests that the Court deny Plaintiff Lummus Corporation's Motion for Judgment on the Pleadings and grant it any other and further relief the Court deems just and proper.


Dated: June 7, 2019

WILKS, LUKOFF & BRACEGIRDLE, LLC

 /s/ Andrea S. Brooks
Thad J. Bracegirdle (DE Bar No. 3691)
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: (302) 225-0850
Email: tbracegirdle@wlblaw.com
Email: abrooks@wlblaw.com

*Attorneys for Defendant/Counterclaim Plaintiff
TFII Legacy, LLC*

OF COUNSEL:

John H. McFarland
JOYCE + MCFARLAND LLP
(Texas State Bar No. 00794270)
712 Main Street, Suite 1500
Houston, Texas 77002
Telephone: (713) 222-1112
Email: jmcfarland@jmlawyers.com

9