# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LUMMUS CORPORATION, : | |
| : | |
| Plaintiff, : | |
| : | C.A. No. 18-1745-CFC/SRF |
| v. : | |
| : | |
| TFII LEGACY, LLC, f/k/a : | |
| CARTER CONTROL SYSTEMS, L.L.C., : | |
| : | |
| Defendant. : | |

## DEFENDANT'S SECOND AMENDED COUNTERCLAIM[1]

Defendant TFII Legacy, LLC f/k/a Carter Control Systems, L.L.C (Legacy) states these counterclaims against Plaintiff Lummus Corporation (Lummus).

### I.  THE PARTIES

1. Legacy is a Delaware limited liability company with its principal place of business in Texas.

2. Lummus Corporation is a Delaware corporation with its principal place of business in Georgia.

### II.  JURISDICTION AND VENUE

3. The Court has personal jurisdiction over the parties because they expressly consented to the jurisdiction of the state and federal courts of Delaware. The Court has supplemental jurisdiction over these counterclaims because they arise out of the same transaction and are compulsory counterclaims. 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the District of Delaware because the parties expressly agreed to that venue.

---

[1] Pursuant to FRCP 15(a)(2), Lummus has consented in writing to this amendment.

III.     FACTUAL BACKGROUND

5.     Until June 7, 2018, Legacy owned all the issued and outstanding shares of common stock of Carter Control Systems, Inc., a Maryland corporation (the Stock).

6.     Lummus and Legacy entered into a Stock Purchase Agreement dated as of May 21, 2018, as amended by that Amendment to Stock Purchase Agreement dated as of June 7, 2018 (together, the SPA or Stock Purchase Agreement), through which Legacy agreed to sell to Lummus all the Stock and Lummus agreed to purchase all the Stock.

7.     The parties agreed that the purchase price would be subject to a post-closing adjustment (the Post-Closing Adjustment).

8.     Specifically, the SPA obliged Lummus to prepare and deliver to Legacy a Closing Working Capital Statement from which the Post-Closing Adjustment would be calculated by deducting the target working capital from the actual working capital as of the date of closing. Section 2.04(b)(i) of the SPA required Lummus to prepare the Closing Working Capital Statement in accordance with previous Company management practices under GAAP applied using the same accounting methods, practices, principles, policies, and procedures used to prepare the Company's Reviewed Financial Statements.

9.     The stock purchase transaction contemplated by the SPA closed on June 7, 2018.

10.    On July 24, 2018, Lummus sent its Closing Working Capital Statement to Legacy as required under the SPA. Lummus certified that the Closing Working Capital Statement complied with the Section 2.04(b)(i) requirements (i.e., that the Closing Working Capital Statement was prepared in accordance with previous Company management practices under GAAP applied using the same accounting methods, practices, principles, policies, and procedures used to prepare the Company's Reviewed Financial Statements) and represented that

Lummus was due a Post-Closing Adjustment in the amount of $1,040,832.

11.     Upon information and belief, however, Lummus did not prepare the Closing Working Capital Statement in accordance with previous Company management practices under GAAP applied using the same accounting methods, practices, principles, policies, and procedures used to prepare the Company's Reviewed Financial Statements. Lummus's certification that it had was false.

12.     In fact, upon information and belief, Lummus submitted its Closing Working Capital Statement knowing that it presented a false calculation of the actual working capital as of the date of closing and knowing that it was not prepared in compliance with the requirements of Section 2.04(b)(i) of the SPA. Accordingly, Lummus acted in bad faith.

13.     While Lummus purported to respond to Legacy's requests for information, they refused to allow Legacy access to the books and records that would have permitted it to separately calculate the actual working capital as of the date of closing (and, thereby, the actual proper Working Capital Adjustment).

14.     Lummus then initiated this action by seeking a declaration that Lummus is entitled to payment of a Post-Closing Adjustment in the amount stated in the false Closing Working Capital Statement, while knowing that the Closing Working Capital Statement was not prepared in compliance with Section 2.04(b)(i) of the SPA.  The complaint Lummus originally filed in the Delaware Court of Chancery (which Legacy subsequently removed to this Court) was verified under oath by Lummus's CEO Ben Hinnen, notwithstanding that Lummus knowingly submitted a false Closing Working Capital Statement that did not comply with the SPA. Lummus's commencement of litigation based on a knowingly false Closing Working Capital Statement constitutes a further act of bad faith.

## COUNT I
### (Declaratory Judgment)

15. Legacy seeks declaratory judgment as to the actual working capital as of the date of closing and the appropriate Working Capital Adjustment that flows from the actual working capital as of the date of closing. Legacy further seeks to recover its costs, including reasonable and necessary attorney's fees.

## COUNT II
### (Breach of Stock Purchase Agreement and the Covenant of Good Faith and Fair Dealing)

16. The SPA constitutes a valid, existing agreement between Lummus and Legacy. Lummus breached that agreement by submitting a Working Capital Adjustment that was not prepared in accordance with previous Company management practices under GAAP applied using the same accounting methods, practices, principles, policies, and procedures used to prepare the Company's Reviewed Financial Statements. Lummus further breached that agreement by submitting a Working Capital Adjustment that was knowingly misleading and by denying Legacy access to the records that would have permitted it to show the proper calculation of the working capital as of the date of closing. And Lummus breached that agreement and the implied covenants of good faith and fair dealing because the SPA contained express and implied covenants obliging Lummus to honestly calculate the Closing Working Capital, to refrain from manipulating the company's financials to create an artificially low Closing Working Capital Statement, to submit a statement of working capital that complied with GAAP and the Company's prior accounting practices, to submit a Closing Working Capital Statement that reasonably reflected the actual working capital, and to provide Legacy access to the documents, databases, and information that would permit it to credibly calculate the working capital. Lummus breached these express and implied terms by declining to undertake the steps necessary

to submit a compliant Closing Working Capital Statement, by submitting a Closing Working Capital Statement that it knew or should have known did not properly reflect the company's working capital, and by refusing to permit Legacy the opportunity to access the data and documentation that would have permitted it to properly calculate the working capital.

17. These breaches have caused Legacy actual damages. Legacy seeks to recover its actual, special, and consequential damages, prejudgment interest, and its costs, including reasonable and necessary attorney's fees.

PRAYER

WHEREFORE, Defendant TFII Legacy, LLC f/k/a Carter Control Systems, L.L.C. prays that, upon final hearing Plaintiff Lummus Corporation take nothing by reason of its claims and that Defendant be awarded its actual, consequential, and incidental damages, pre-judgment and post-judgment interest, and costs, including reasonable and necessary attorney's fees, and any other relief to which it is entitled.

Respectfully submitted,

Dated: October 17, 2019

WILKS, LUKOFF & BRACEGIRDLE, LLC

 /s/ Andrea S. Brooks
Thad J. Bracegirdle (DE Bar No. 3691)
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware 19805
Telephone: (302) 225-0850
Email: tbracegirdle@wlblaw.com
Email: abrooks@wlblaw.com

*Attorneys for Defendant TFII Legacy, LLC f/k/a Carter Control Systems, L.L.C.*